[Crim. No. 3125. In Bank.—November 5, 1928.]

THE PEOPLE, Respondent, v. GABRIELLE LAPIERRE, Appellant.

T. J. O'Leary for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

PRESTON, J.—This is an appeal by the defendant Gabrielle Lapierre from an order denying a new trial, and from the judgment convicting her of manslaughter for her participation in the murder of William J. Davis, a police officer who was shot and killed on January 3, 1928, by her husband, Edgar Lapierre. Appellant, her husband, and one Leo Archambault, were jointly tried on one indictment and duly convicted on the fifteenth day of February, 1928. A full recital of the necessary facts in this case is made in the appeal of defendant Edgar Lapierre, this day decided, (*ante*, p. 462 [271 Pac. 497]).

From the said facts it abundantly appears not only that appellant participated in, aided, and abetted the murder of Davis, but the evidence also warrants the finding that appellant, her husband, and brother, Archambault, were co-conspirators in an agreement or combination to rob victims, and burglarize buildings and places of business and to commit forgeries, even contemplating the resistance of attempts on the part of police officers to apprehend and arrest all or any of them, to the extent of taking human life if necessary. Not only this, but appellant under the evidence actually aided and abetted her said husband at the very time of the shooting, and she could well have been convicted of murder instead of manslaughter.

The question of whether or not a husband and wife may, under the laws of this state, be guilty of conspiracy is not involved; first, because the conspiracy is not alleged to have been between husband and wife alone, and, second, this is not a prosecution for conspiracy, the existence of the conspiracy showing only that appellant aided and abetted the commission of the crime. Whether or not she

and her husband could be prosecuted for the substantive offense of conspiracy under our law is immaterial.

Appellant makes no other assignment of error that is not treated in the appeal of Edgar Lapierre (*ante,* p. 462 [271 Pac. 497]). She was fairly, accurately, and expeditiously tried and there can be no legal cause for complaint.

The judgment and order appealed from are affirmed.

Curtis, J., Richards, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.